**Jasvir KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

No. 08–2633–ag.

United States Court of Appeals, Second Circuit.

July 1, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. Is automatically substituted for former Attorney General Michael G. Mukasey as respondent in this case.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Blair T. O'Connor, Assistant Director, Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Jasvir Kaur, a native and citizen of India, seeks review of a May 7, 2008 order of the BIA affirming the May 15, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying Kaur's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kaur*, No. A 96 487 831 (B.I.A. May 7, 2008), *aff'g* No. A 96 487 831 (Immig. Ct. N.Y. City May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the IJ's finding that Kaur could safely relocate within India to avoid harm. *See Manzur*, 494 F.3d at 289. As the IJ found, Kaur testified that she lived in Delhi for five months with her brother's friends and encountered no problems during that time period. The IJ also properly found that when asked why she was unwilling to relocate, Kaur responded that she did not want to live where she did not know anyone. Moreover, Kaur also testified that she lived in Uttar for several years and did not indicate that she encountered any difficulties there. As Kaur notes, she testified that she feared living anywhere in India because the police knew her everywhere based on her husband's conduct, which had been broadcast across the country. However, that testimony would not compel a reasonable factfinder to reach a conclusion contrary to the IJ, especially where Kaur acknowledged that she had no evidence to support her assertion that her husband's name was broadcast across India. *See id.*

Because substantial evidence supports the IJ's finding that Kaur could relocate to avoid harm, the IJ properly denied her application for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. § 1208.13(b)(2)(ii); 8 C.F.R. § 1208.16(b)(1)(B); 8 C.F.R. § 1208.16(c)(3); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The motion for a stay of removal in this petition is DISMISSED as moot.